Buitrago-Valencia v. Holder

BIA
Montante, Jr., IJ
A095 968 092

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of September, two thousand eleven.

PRESENT:
    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    ROBERT D. SACK,
        *Circuit Judges.*

_____

LUIS A. BUITRAGO-VALENCIA,
        *Petitioner,*

                                    10-2187-ag
        v.                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Nancy M. Vizer, Chicago, Illinois.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; John S. Hogan, Senior
                        Litigation Counsel; Aimee J.
                        Frederickson, Trial Attorney, Office
                        of Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis A. Buitrago-Valencia, a native and citizen of Colombia, seeks review of a May 6, 2010, order of the BIA affirming the June 10, 2009, decision of immigration judge ("IJ") Philip J. Montante, Jr., denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Luis A. Buitrago Valencia, Yalila Buitrago Silva*, Nos. A095 968 092, A095 968 093 (B.I.A. May 6, 2010), *aff'g* No. A095 968 092 (Immig. Ct. Buffalo, NY June 10, 2009).[1] We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

---

[1]Yalila Buitrago Silva, Buitrago-Valencia's daughter, is not a petitioner before this Court because the BIA remanded her proceedings to the IJ for consideration of her application for adjustment of status.

As a preliminary matter, Buitrago-Valencia's challenges to the IJ's adverse credibility determination are not properly before the Court, as the BIA specifically declined to address Buitrago-Valencia's credibility, determining instead that, even if deemed credible, he failed to establish his eligibility for withholding of removal and CAT relief.  *See Xue Hong Yang,* 426 F.3d at 522.

With respect to Buitrago-Valencia's application for withholding of removal, the BIA did not err in finding that he failed to establish that it is more likely than not that any mistreatment he suffered, or may suffer in the future, would be on account of any protected ground.  8 C.F.R. § 1208.16(b)(1) During his initial proceedings before the IJ, Buitrago-Valencia testified that he had been the target of extortion attempts by the Revolutionary Armed Forces of Colombia ("FARC") since 1998, and that  "many of the people who have properties" were similarly threatened, stating that "[y]ou have to pay money until you die in Colombia."  On remand, Buitrago-Valencia further testified that "landowners always receive threats," and that "[a]ll of the property owners . . . had to pay the guerilla forces."  Thus, the record indicates that Buitrago-Valencia was threatened based on his perceived status as a wealthy landowner, rather than

3

his political opinion or social group membership. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73-74 (2d Cir. 2007) (finding no error in the BIA's conclusion that "wealth or affluence is simply too subjective, inchoate, and variable to provide the sole basis for membership in a particular social group."). Furthermore, although Buitrago-Valencia testified to several instances of harassment of his family members, including an incident where his wife and daughter were threatened by armed men on motorcycles, a kidnaping attempt on another daughter, and his son's shooting, he did not indicate that they were in any way connected with his political activities. Indeed, Buitrago-Valencia's testimony that his family received a letter from the FARC "asking for twelve million five hundred pesos" as a "donation," further supports the agency's determination that he and his family were targeted specifically for their money.

With respect to Buitrago-Valencia's application for CAT relief, the BIA did not err in finding that the evidence in the record was insufficient to establish that the Colombian government would remain willfully blind to, or acquiesce in, any acts of torture. *See* 8 C.F.R. § 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004). As the BIA noted, "while the country information in the record

4

reveals that the FARC is still operative in Colombia, it also reveals that the group no longer constitutes the same threat in Colombia as it did in past years." Moreover, the U.S. Department of State's 2007 Country Report on Terrorism indicates that "[t]he Government of Colombia . . . [has] continued vigorous law enforcement, intelligence, military, and economic measures" against the FARC. Buitrago-Valencia points to no evidence to the contrary.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk